UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VINCENT EDWARD HARTMAN, SAM HARTMAN, <br><br> Plaintiffs, <br><br> v. <br><br> TERRI A. ROBINSON, in her official capacity as Director of the National Benefits Center of United States Citizenship and Immigration Services, *et al.*, <br><br> Defendants. | Case No. 2:21-cv-01755-ART-EJY <br><br> ORDER |

Plaintiffs Vincent and Sam Hartman seek review of the decision of the United States Citizenship and Immigration Services ("USCIS") denying the Form I-130 filed by Vincent Hartman on behalf of Sam Hartman. USCIS issued a decision denying Plaintiffs' Form I-130 on August 18, 2021, which denied Sam the status of Vincent's immediate relative under the category of adopted child. Plaintiffs filed their complaint on September 24, 2021, arguing that USCIS improperly denied Plaintiffs' Form I-130 because Sam qualified as Vincent's stepchild. (ECF No. 1.) After Plaintiffs' complaint was filed, Plaintiffs and USCIS filed a stipulation that USCIS would reopen its decision in order to consider Sam's eligibility as a stepchild. (ECF No. 7.) USCIS issued a decision on December 17, 2021, which decided that Sam was not eligible as a stepchild. Since that time, Plaintiffs have not filed an amended complaint. Defendants move to dismiss, arguing that Plaintiffs' complaint does not challenge final agency action. (ECF No. 19.) The parties also filed cross-motions for summary judgment (ECF Nos. 22, 29) and Defendants moved to stay the summary judgment briefing schedule (ECF No. 23). Because Plaintiffs' complaint does not challenge final agency action, the Court grants Defendants' motion to dismiss and denies the other motions.

## I. BACKGROUND

According to Plaintiffs, Sam was born in Germany in 2000 and her grandmother, Andrea, was granted parental custody of Sam by German authorities in 2002. (ECF No. 22 at 1-2.) Andrea and Sam came to the United States in 2007, where Andrea met U.S. citizen Sam Hartman. The two married on February 6, 2016, when Sam was fifteen years old. (*Id.* at 2.) On September 7, 2018, when Sam was seventeen years old, Vincent and Andrea Hartman formally adopted Sam in the state of California. (*Id.*)

Vincent Hartman filed a Form I-130 with USCIS with Sam Hartman as the beneficiary on November 9, 2018. (ECF No. 19-2.) The Form I-130 indicated that Vincent was filing for Sam as Vincent's adopted child. USCIS sent Vincent a Request for Evidence ("RFE") on March 2, 2021, which explained that for Sam to be eligible as an adopted child per section 101(b)(1)(E) of the Immigration and Nationality Act ("INA"), Vincent must submit evidence that Sam was unmarried and under twenty-one years old, was adopted before the age of sixteen, and has been in the legal custody of and jointly residing with the adopting parent or parents for at least two years. (ECF No. 1-1 Exh. C.) The RFE also stated that Sam "may also qualify under the definition of a stepchild under INA 101(b)(1)(B). USCIS may approve the Form I-130 if the child meets either the definition of an adopted child or a stepchild." (*Id.*) Vincent responded, then USCIS issued a Notice of Intent to Deny on June 21, 2021, to which Vincent also responded. (ECF No. 1-1 Exh. B.) On August 18, 2021, USCIS issued its decision denying the Form I-130 because Sam did not meet the definition of an adopted child. (ECF No. 1-1 Exh. A.) The decision stated that Vincent "did not submit sufficient evidence to show the child was adopted prior to the age of 16 years old" and "did not submit sufficient evidence to show the child resided with you at a joint residence for two years prior to filing the Form I-130." (*Id.*)

Plaintiffs filed their complaint in this Court on September 24, 2021. (ECF

No. 1.) Plaintiffs set forth four causes of action, the first three of which seeking invalidation of 8 C.F.R. § 204.2(d)(2)(iv). The first alleges that the then-existing Immigration and Naturalization Service ("INS") exceeded its statutory authority under 8 U.S.C. § 1101(b)(1)(B) when it enacted 8 C.F.R. § 204.2(d)(2)(iv) in 1991-92, which provides that a petitioner may only petition for a stepchild where the petitioner is married to the *natural* parent of the stepchild, and that *Chevron* deference should not be afforded because the statute is not ambiguous. (*Id.* at ¶¶ 27-28.) The second alleges that insofar as the statute is ambiguous, INS failed to examine all the relevant evidence and reasonable alternatives and failed to explain its decision, making *Chevron* deference inappropriate. (*Id.* at ¶¶ 29-30.) The third alleges that the regulation treats similarly situated persons differently with no rational basis because the regulation differentiates between a stepchild whose natural parent is married to the petitioner and a stepchild whose adoptive parent is married to the petitioner. (*Id.* at ¶¶ 31-32.) The fourth states that Defendants acted in contravention of 8 U.S.C. § 1101(b)(1)(B) even if 8 C.F.R. § 204.2(d)(2)(iv) is valid. (*Id.* at ¶¶ 33-34.)

On October 29, 2021, the Court approved a stipulation submitted by the parties. (ECF No. 7.) This stipulation stated that "[t]he August 2021 decision issued by USCIS on Vincent's petition for alien relative (I-130) did not consider and did not address the claim advanced in this civil action; namely, that Vincent's petition for alien relative (I-130) should have been granted based on Vincent's status as the 'stepfather' of Sam[,]" and that accordingly, "USCIS has agreed to vacate its August 2021 decision denying plaintiff Vincent Hartman's petition for alien relative (I-130) regarding beneficiary Sam Hartman and will reopen the administrative proceeding regarding the petition" for "review of appropriate materials and consideration of the claim advanced in this civil action; namely, that Vincent's petition for alien relative (I-130) should have been granted based on Vincent's status as the 'step-father' of Sam[.]" (*Id.* at ¶¶ 6-8.)

On November 17, 2021, USCIS issued a NOID regarding Sam's eligibility both as a stepchild and adopted child. (ECF No. 19-3.) On December 17, 2021, USCIS issued its decision on the basis of Sam's eligibility both as a stepchild and an adopted child. (ECF No. 19-1.) The decision explained that Sam did not qualify as Vincent's stepchild because Sam was not Andrea's adopted child at the time Andrea married Vincent.

After this decision, the Court approved another stipulation on January 6, 2022, lifting the stay of the case and setting a briefing schedule. (ECF No. 11.) This stipulation stated that "[t]he parties agree that the claims raised in this action may be adjudicated by the Court through cross-motions for summary judgment" and set a briefing schedule which listed March 4, 2022, as the date Defendants would file an answer and motion for summary judgment. (*Id.* at 1, 2.) However, instead of filing an answer and motion for summary judgment, Defendants filed their motion to dismiss on March 1, 2022. (ECF No. 19.)

On November 7, 2022, the Court held a hearing on Defendants' motion to dismiss and the overall status of the case. (ECF No. 35.) The Court expressly invited Plaintiffs to file an amended complaint and stated that the court would proceed with the pending motions as presented if Plaintiffs did not file an amended complaint.

**II.  DISCUSSION**

The Administrative Procedure Act provides for judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court[.]" 5 U.S.C. § 704. For an agency action to be final, the agency action must "mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature[—and] second, the action must be one by which rights or obligations have been determined or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (internal quotations omitted). A vacated denial of an

1    I-130 visa petition is generally not a final agency action. *Bhasin v. U.S. Dep't of*
2    *Homeland Sec.*, 413 F. App'x 983, 985 (9th Cir. 2011). Some district courts have
3    recognized an exception to the general rule that reopening a decision renders that
4    decision non-final if the agency reopens the decision "in name only." *RELX, Inc.*
5    *v. Baran*, 397 F. Supp. 3d 41, 50–51 (D.D.C. 2019). Courts have looked to
6    whether the decision was reopened for the purposes of delay or if the agency does
7    not request any new information or evidence. *Id.* at 50-52 (finding reopening in
8    name only where USCIS failed to follow regulations related to reopening, failed to
9    "proffer any reason for why it reopened the petition other than that it was in
10   response to this lawsuit[,]" and the request for evidence was "nearly identical to
11   its prior request[.]"; *Mantena v. Hazuda*, 2018 WL 3745668, at *6 (S.D.N.Y. Aug.
12   7, 2018) (finding reopening in name only where counsel admitted at oral
13   argument that "USCIS was doing no further work on the Application" and that
14   "the only reason the I-485 is reopened is because the appeal is pending with
15   respect to the I-140.").

16       Here, the Court finds that this is not an instance of reopening in name
17   only. First, this is not an instance where the reopening was performed unilaterally
18   by USCIS for no apparent reason other than delay. Rather, this reopening was
19   pursuant to a stipulation which expressly stated that the first decision would be
20   vacated. (ECF No. 7 at ¶ 4.) Second, and more importantly, the second decision
21   sought new evidence and decided a different legal issue from the first. The first
22   NOID sought evidence relating to Vincent's failure to show in the application that:
23   (1) the child was adopted prior to the age of 16 years old; (2) Vincent had two
24   years legal custody of the child prior to filing; (3) Vincent had two years joint
25   residence with the child prior to filing; and (4) the adoption of the child met an
26   exemption to the Hague Convention. (ECF No. 1-1 Exh. B.) The second NOID
27   stated that the application failed to show: (1) the beneficiary was not Vincent's
28   spouse's child when Vincent married his spouse; and (2) Vincent and his wife did

not adopt the beneficiary before the beneficiary reached 16 years of age. (ECF No. 19-3.)

Plaintiffs argue that USCIS did not actually seek new evidence and that all the pertinent evidence was already before it in the first decision. (ECF No. 20 at 7-8.) However, just because there was no new evidence does not mean that USCIS did not request new evidence. As explained above, the two NOIDs, which serve as a final request for evidence, contained different language on what was missing. More importantly, the second decision contained new legal reasoning explaining the basis for denial under the stepchild theory which was entirely absent from the first decision. (*Compare* ECF No 1-1 Exh. A, *with* ECF No. 19-1.) As Defendants point out, the stepchild theory is central to the allegations in Plaintiffs' complaint. The second decision was not an empty rehashing of the first.

Plaintiffs also argue that treating the first decision as non-final contravenes the parties' understanding and agreement that after the issuance of the second decision the litigation "would resume right where it left off[,]" meaning, ostensibly, that an amended complaint would not be required. (ECF No. 20 at 4.) The Court is sympathetic to Plaintiffs' concerns and notes that it was potentially misleading that the parties' stipulated summary judgment briefing schedule did not include any provision for the filing of an amended complaint. (ECF No. 10.) However, as Defendants point out, the parties cannot stipulate that an agency action is final when it is not. Furthermore, any potential prejudice to Plaintiffs was cured when the Court expressly invited Plaintiffs to file an amended complaint at the hearing held on November 7, 2022. (ECF No. 35.) Defendants' motion to dismiss is granted.

**III. CONCLUSION**

The Court will dismiss Plaintiffs' complaint without prejudice. Because the Court grants Defendants' motion to dismiss, the remaining cross-motions for summary judgment and the motion to stay the case are moot.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 19) is granted.

It is further ordered that Plaintiffs' motion for summary judgment (ECF No. 22) is denied as moot.

It is further ordered that Defendants' motion to stay (ECF No. 23) is denied as moot.

It is further ordered that Defendants' motion for summary judgment (ECF No. 29) is denied as moot.

It is further ordered that Plaintiffs' complaint is dismissed without prejudice.

The Clerk of Court is directed to administratively close this case.

DATED THIS 6th day of March 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE